## UNITED STATES v. BUCHANAN.

(District Court, N. D. California, First Division. January 29, 1917.)

No. 6024.

1. ARMY AND NAVY ⬤➾40—OFFENSES—CONVERSION OF SUBSISTENCE.

Criminal Code (Act March 4, 1909, c. 321) § 36, 35 Stat. 1096 (Comp. St. 1913, § 10200), making punishable the application to personal use or unlawful disposition of any subsistence or other property of the United States furnished to be used for the military or naval service, does not apply to one who signed an application blank for enlistment, stating that he had never applied for enlistment before, and who thereby procured subsistence and transportation, which he used for the purpose for which it was issued, to take him to the recruiting depot, where he was rejected because he had been previously dishonorably discharged from the army.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 83–87; Dec. Dig. ⬤➾40.]

2. CRIMINAL LAW ⬤➾113—JURISDICTION OF OFFENSE—CONVERSION OF SUBSISTENCE—VENUE.

If he were guilty of violating that statute, the offense was committed in the division of the federal district in which he applied for enlistment and received the subsistence, not in the division in which the recruiting depot was located.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 190, 232; Dec. Dig. ⬤➾113.]

Arden A. Buchanan was indicted for applying to his own use subsistence and supplies furnished to be used for military services. On demurrer to the indictment. Demurrer sustained, and defendant discharged.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

James W. Ryan, of San Francisco, Cal., for defendant.

DOOLING, District Judge. The defendant is charged in the indictment filed in this court with the offense of applying to his own use certain subsistence and supplies furnished and to be used for military service. The facts as charged in the indictment are: That at Eureka, in Humboldt county (which is in the Northern division of this district), he agreed at a recruiting station that upon his being furnished with transportation and subsistence to the recruit depot at Ft. McDowell, in this (the Southern) division of the District, he would, upon passing all requirements and being accepted for enlistment, enter the service of the United States Field Artillery, and that in pursuance thereof, and upon an application blank furnished him by the recruiting officer, he declared in writing that he had had no previous service in the army, that he had never applied for enlistment before, and that he knew that if he secured enlistment by any false statement he was liable to trial for fraudulent enlistment. On the back of said blank he also signed a declaration to the effect that he fully understood that if he was accepted for enlistment, and accepted from the recruiting officer such bounties as meals, lodging, or transportation, and should thereafter decline or fail to report at the time specified without giving

a reasonable excuse, he was liable to arrest and trial in the federal court for defrauding the government by obtaining such bounties as meals, lodging, or transportation under false pretenses and applying them to his own use. That after filling out and signing said blank defendant accepted and procured from the recruiting officer board and lodging for the period of 12 days pending enlistment, and railroad transportation from Eureka to Ft. McDowell, all of the value of $30.80, for the purpose of final enlistment. That defendant had been dishonorably discharged from the United States Army prior to filling out and signing said blank, and well knew that he was a dishonorably discharged soldier of the United States, and as such was not eligible for re-enlistment without first obtaining the permission of the Adjutant General of the United States Army, which permission he had not then nor has he now obtained, and that the said transportation and subsistence was obtained by him willfully, unlawfully, knowingly and feloniously, for the purpose of defrauding the government of the United States, and the said defendant did then and there willfully and unlawfully apply to his own use the said subsistence, stores, and property of the United States.

[1] The indictment is challenged by demurrer. Section 36 of the Criminal Code (Comp. St. 1913, § 10200), which defines the offense sought to be charged in the indictment, is as follows:

"Whoever shall steal, embezzle, or knowingly apply to his own use, or unlawfully sell, convey, or dispose of, any ordnance, arms, ammunition, clothing, subsistence, stores, money, or other property of the United States, furnished or to be used for the military or naval service shall be punished," etc.

The specific charge here is that defendant applied to his own use the subsistence and transportation furnished him by the recruiting officer. This is based on the assumption that it is a violation of this section to deceive the recruiting officer as to the eligibility of the applicant for enlistment. Passing over the probability that this provision of the statute, "who shall apply to his own use," is applicable only to such persons as are intrusted by the military authorities with the disposition of the property furnished for military purposes, it does not seem to me that the section applies to one who has used the property for the very purpose for which it was given him; that is to say, who has used for the purpose of subsistence the property given him for subsistence, and has used for transportation to a designated place the property given him to be used for transportation to that place. If upon his arrival at the designated place he refuses to enlist, or for any reason is not eligible for enlistment, there probably should be some penalty provided for such refusal, or for failing to disclose the fact of his ineligibility, or for deceiving the recruiting officer by false statements as to his eligibility; but such penalty is not included in the section under discussion. It would be quite a stretch of language to say that one who applied property to the very purpose for which it was given him did so in violation of this section. If, for instance, the property were given him to pay his transportation to San Francisco, and he used it to pay transportation to Los Angeles, there might be some reason for saying that he "applied the property to his

own use." But where, as here, the property was applied to the very purposes for which the defendant received it, it does not seem to me that such application is a violation of the section simply because, having so applied it, he refuses or is unable to carry out the contract upon which it was received. The offense, if any, would be the ordinary one found in state statutes and described as obtaining money by false pretenses. But this section does not describe any such offense, and the facts set forth in the indictment do not in my opinion constitute any offense denounced therein.

[2] I have considered the indictment on the merits, although the demurrer would have to be sustained in any event, because, if any offense at all is charged, it is an offense committed in the Northern division of this district, and the defendant could be indicted therefor in this division only upon his application for a transfer of the proceedings hereto, and the order of the court directing such transfer.

The demurrer to the indictment is therefore sustained, and the defendant discharged.